# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated, | |
| Plaintiff | Case No. |
| vs. | |
| ATLANTIC ENERGY MD LLC and JOHN DOE CORPORATION | CLASS ACTION COMPLAINT |
| Defendants. | |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1.  As the Supreme Court explained at the end of its term this year, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints. For nearly 30 years, the people's representatives in Congress have been fighting back." *Barr v. Am. Ass'n of Political Consultants*, No. 19-631, 2020 U.S. LEXIS 3544, at *5 (U.S. July 6, 2020).

2.  Plaintiff Andrew Perrong ("Plaintiff") brings this action under the TCPA alleging that ATLANTIC ENERGY MD LLC ("Atlantic Energy") commissioned illegal telemarketing to originate new customers by calling residential numbers listed on the National Do Not Call Registry, like Mr. Perrong's number, which is prohibited by the TCPA. The calls were made by John Doe Corporation, a telemarketing company hired by Atlantic Energy.

1

3. The Plaintiff never consented to receive the calls, which were placed to him for telemarketing purposes. Because telemarketing campaigns generally place calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

4. A class action is the best means of obtaining redress for the Defendants' wide scale illegal telemarketing and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

5. Plaintiff Andrew Perrong is a Pennsylvania resident.

6. Defendant Atlantic Energy MD LLC is headquartered and has its principal place of business in this District.

7. Defendant John Doe Corporation was hired by Atlantic Energy and made telemarketing calls to putative class members, including the Plaintiff.

## Jurisdiction & Venue

8. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because the Plaintiff's claims arise under federal law.

9. Venue is proper under 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## The Telephone Consumer Protection Act

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . .

can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**Defendant's Telemarketing**

14. Defendant Atlantic Energy is an energy services company provider that offers energy to residential customers that it purchased on a deregulated market.

15. Atlantic Energy uses telemarketing to promote their services.

16. However, Atlantic Energy's contact with the public is limited.

17. Instead, Atlantic Energy relies on third parties like John Doe Corporation to conduct the telemarketing.

18. Recipients of these calls, including Plaintiff, did not consent to receive them and are often on the National Do Not Call Registry.

**The Calls to Mr. Perrong**

19. Plaintiff Perrong is a "person" as defined by 47 U.S.C. § 153(39).

20. Plaintiff has a private telephone number of (215) 725-XXXX.

21. The number is not associated with any business.

22. The number is on both the Federal and Pennsylvania State Do-Not-Call registries and was on such registries for more than thirty-one days prior to the calls.

23. The number is used for Mr. Perrong's personal use.

24. Atlantic Energy placed at least four telemarketing calls to Mr. Perrong on August 18, 2020.

25. The caller claimed to be with PECO Energy, a public energy provider that is local to Mr. Perrong.

26. Upon information and belief, the caller was not with PECO Energy.

27. In fact, the caller used a "spoofed" or invalid Caller ID to make the calls which rings to the Federal Community Defender's Eastern District of Pennsylvania Capital Habeas Corpus Unit.

28. To conclusively identify the company, Mr. Perrong engaged the telemarketer on the third call and conclusively identified Atlantic Energy as the company that was promoted.

29. In fact, Atlantic Energy's verification service confirmed an Atlantic Energy vendor called Mr. Perrong.

30. This vendor is the John Doe Corporation.

31. Plaintiff and the other call recipients were harmed by these calls. They were temporarily deprived of legitimate use of their phones because the phone line was tied up during the telemarketing calls and their privacy was improperly invaded. Moreover, these calls injured Plaintiff and the other call recipients because they were frustrating, obnoxious, annoying, were a nuisance and disturbed the solitude of plaintiff and the class.

## Atlantic Energy's Liability for John Doe's Conduct

32. For more than twenty years, the FCC has explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In re Rules & Regulations Implementing the TCPA*, CC Docket No. 92-90, Memorandum Opinion and Order, 10 FCC Rcd 12391, 12397 (¶ 13) (1995).

33. In its January 4, 2008 ruling, the FCC likewise held that a company on whose behalf a telephone call is made bears the responsibility for any violations. *Id.* (specifically recognizing "on behalf of" liability in the context of an autodialed or prerecorded message call sent to a consumer by a third party on another entity's behalf under 47 U.S.C. § 227(b)).

34. In fact, the Federal Communication Commission has instructed that sellers such as Atlantic Energy may not avoid liability by outsourcing telemarketing to third parties:

> [A]llowing the seller to avoid potential liability by outsourcing its telemarketing activities to unsupervised third parties would leave consumers in many cases without an effective remedy for telemarketing intrusions. This would particularly be so if the telemarketers were judgment proof, unidentifiable, or located outside the United States, as is often the case. Even where third-party telemarketers are identifiable, solvent, and amenable to judgment limiting liability to the telemarketer that physically places the call would make enforcement in many cases substantially more expensive and less efficient, since consumers (or law enforcement agencies) would be required to sue each marketer separately in order to obtain effective relief. As the FTC noted, because "[s]ellers may have thousands of 'independent' marketers, suing one or a few of them is unlikely to make a substantive difference for consumer privacy."

*May 2013 FCC Ruling*, 28 FCC Rcd at 6588 (¶ 37) (internal citations omitted).

35. On May 9, 2013, the FCC released a Declaratory Ruling holding that a corporation or other entity that contracts out its telephone marketing "may be held vicariously

liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers."[1]

36. The May 2013 FCC Ruling held that, even absent evidence of a formal contractual relationship between the seller and the telemarketer, a seller is liable for telemarketing calls if the telemarketer "has apparent (if not actual) authority" to make the calls. 28 FCC Rcd at 6586 (¶ 34).

37. The May 2013 FCC Ruling further clarifies the circumstances under which a telemarketer has apparent authority:

> [A]pparent authority may be supported by evidence that the seller allows the outside sales entity access to information and systems that normally would be within the seller's exclusive control, including: access to detailed information regarding the nature and pricing of the seller's products and services or to the seller's customer information. The ability by the outside sales entity to enter consumer information into the seller's sales or customer systems, as well as the authority to use the seller's trade name, trademark and service mark may also be relevant. It may also be persuasive that the seller approved, wrote or reviewed the outside entity's telemarketing scripts. Finally, a seller would be responsible under the TCPA for the unauthorized conduct of a third-party telemarketer that is otherwise authorized to market on the seller's behalf if the seller knew (or reasonably should have known) that the telemarketer was violating the TCPA on the seller's behalf and the seller failed to take effective steps within its power to force the telemarketer to cease that conduct.

FCC Rcd at 6592 (¶ 46).

38. John Doe Corporation has hired by Atlantic Energy to generate new customers.

39. Atlantic Energy accepted the benefits of John Doe Corporation's illegal telemarketing by accepting live transfers of leads directly from John Doe Corporation despite the fact that those leads were generated through illegal telemarketing.

40. Atlantic Energy had absolute control over whether, and under what circumstances, it would accept a customer.

---

[1] *In re Joint Petition Filed by DISH Network, LLC et al. for Declaratory Ruling Concerning the TCPA Rules*, 28 FCC Rcd 6574, 6574 (¶ 1) (2013) ("May 2013 FCC Ruling").

41. Atlantic Energy determined the parameters and qualifications for customers that John Doe made telemarketing calls to.

42. First, Atlantic Energy restricted the geographic regions that John Doe called.

43. Second, Atlantic Energy provided other requirements of the parameter of customer they were seeking, such as home ownership and current supplier for electricity.

44. John Doe Corporation transferred customer information directly to Atlantic Energy's vendor.  Thus, John Doe Corporation had the "ability . . . to enter consumer information into the seller's sales or customer systems," as discussed in the May 2013 FCC Ruling.

45. Finally, the May 2013 FCC Ruling states that called parties may obtain "evidence of these kinds of relationships . . . through discovery, if they are not independently privy to such information." *Id.* at 6592-593 (¶ 46).  Evidence of circumstances pointing to apparent authority on behalf of the telemarketer "should be sufficient to place upon the seller the burden of demonstrating that a reasonable consumer would not sensibly assume that the telemarketer was acting as the seller's authorized agent." *Id.* at 6593 (¶ 46).

## Class Action Allegations

46. As authorized by Rule 23(b)(2) or (b)(3) of the Federal Rules of Civil Procedure, Plaintiff brings this action on behalf of classes of all other persons or entities similarly situated throughout the United States.

47. The class of persons Plaintiff proposes to represent is tentatively defined as:

**National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Atlantic Energy (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

This is referred to as the "Class".

48. Excluded from the Class are counsel, the Defendants, and any entities in which the Defendants have a controlling interest, the Defendants' agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

49. The Class as defined above is identifiable through phone records and phone number databases.

50. The potential members of the Class is likely to number in the thousands based on the automated telemarketing conduct.

51. Individual joinder of these persons is impracticable.

52. The Plaintiff is a member of the Class.

53. There are questions of law and fact common to Plaintiff and to the proposed Class, including but not limited to the following:

    (a) whether John Doe systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    (b) whether John Doe made calls to Plaintiff and members of the Classes without first obtaining prior express written consent to make the calls;

    (c) whether Atlantic Energy is vicariously liable for the conduct of John Doe;

    (d) whether Defendants' conduct constitutes a violation of the TCPA; and

    (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

54. Plaintiff's claims are typical of the claims of members of the Class.

55. Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class, he will fairly and adequately protect the interests of the Class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

56. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendants and/or their agents.

57. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

58. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

59. The foregoing acts and omissions of Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

60. The Defendants' violations were negligent, willful, or knowing.

61. As a result of Defendants' and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf's violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of up to $1,500 in damages for each and every call made.

62.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

### Relief Sought

For himself and all lass members, Plaintiff requests the following relief:

A.   Certification of the proposed Class;

B.   Appointment of Plaintiff as representative of the Class;

C.   Appointment of the undersigned counsel as counsel for the Class;

D.   A declaration that Defendants and/or their affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

E.   An order enjoining Defendants and/or its affiliates, agents, and/or other persons or entities acting on Defendants' behalf from making telemarketing calls, except for emergency purposes, to any residential number for in the future.

F.   An award to Plaintiff and the Class of damages, as allowed by law;

G.   Leave to amend this Complaint to conform to the evidence presented at trial; and

H.   Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Respectfully Submitted,

**Andrew Perrong**, individually and on behalf of those similarly situated individuals

Dated: September 3, 2020

*/s/ Avi Kaufman*
Avi R. Kaufman (FL Bar no. 84382)

10

kaufman@kaufmanpa.com
Rachel E. Kaufman (FL Bar no. 87406)
rachel@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881

*Counsel for Plaintiff and the putative class*