**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FORT LAUDERDALE DIVISION**

| | |
|---|---|
| ANDREW PERRONG, individually and on behalf of a class of all persons and entities similarly situated, | CASE NO.: 2020-cv-61795-RAR |
| Plaintiff | CLASS ACTION |
| | JURY TRIAL DEMANDED |
| v. | |
| ATLANTIC ENERGY MD LLC and JOHN DOE CORPORATION | |
| Defendants. | |

**DEFENDANT ATLANTIC ENERGY MD LLC'S**
**MOTION TO DISMISS AND/OR TO STRIKE CERTAIN ALLEGATIONS FROM**
**PLAINTIFF'S COMPLAINT AND INCORPORATED MEMORANDUM OF LAW**

## TABLE OF CONTENTS

**Page**

INTRODUCTION ......................................................................................................... 1

RELEVANT ALLEGATIONS.......................................................................................... 3

APPLICABLE LEGAL STANDARDS .............................................................................. 4

I.      RULE 12(B)(6) – FAILURE TO STATE A CLAIM FOR RELIEF ............................... 4

II.     RULE 12(B)(1) – LACK OF SUBJECT MATTER JURISDICTION
        (STANDING) ............................................................................................................ 5

III.    RULES 12(F)/23 – STRIKING IMPROPER CLASS ALLEGATIONS ......................... 5

ARGUMENT ................................................................................................................... 6

I.      THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR
        FAILURE TO STATE A PLAUSIBLE CLAIM UNDER THE TCPA........................... 6

        A.      Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability ......................... 7

        B.      Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability.................... 8

        C.      Plaintiff Fails to Plead Facts Supporting His TCPA "Do Not Call" Claim......... 14

II.     THE COMPLAINT SHOULD ALSO BE DISMISSED PURSUANT TO RULE
        12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING....................... 16

III.    ALTERNATIVELY, PLAINTIFF'S FAULTY CLASS ALLEGATIONS
        SHOULD BE STRICKEN UNDER RULES 12(F) AND 23........................................ 17

CONCLUSION................................................................................................................ 20

# TABLE OF AUTHORITIES

**Page**

## CASES

*Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*,
2017 WL 733123 (N.D. Cal. Feb. 24, 2017) ...................................................15, 18

*Abramson v. 1 Glob. Capital, LLC*,
2015 WL 12564318 (S.D. Fla. Sept. 23, 2015) .........................................................13

*Alan v. BrandRep, Inc.*,
2016 WL 10988679 (C.D. Cal. Nov. 28, 2016)..........................................................20

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)..............................................................................................4, 13

*Balthazor v. Cent. Credit Servs., Inc.*,
2012 WL 6725872 (S.D. Fla. Dec. 27, 2012) ...........................................................20

*Barker v. Sunrun Inc.*,
2019 WL 1983291 (D.N.M. Apr. 29, 2019) ..............................................................17

*Batzel v. Smith*,
333 F.3d 1018 (9th Cir. 2003) ..................................................................................10

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007).............................................................................................4, 13

*Canary v. Youngevity Int'l, Inc.*,
2019 WL 1275343 (N.D. Cal. Mar. 20, 2019).....................................................10, 13

*Chaparro v. Carnival Corp.*,
693 F.3d 1333 (11th Cir. 2012) ..................................................................................4

*Chapman v. CKE Restaurants Holdings, Inc.*,
2020 WL 1230130 (E.D.N.C. Mar. 12, 2020) ..........................................................17

*Cheney v. IPD Analytics, L.L.C.*,
2009 WL 1298405 (S.D. Fla. Apr. 16, 2009) .............................................................9

*Chester v. Bank of Am.*,
2014 WL 12117966 (N.D. Ga. May 7, 2014), *report and rec. adopted*, 2014 WL
12284023 (Aug. 28, 2014)...........................................................................................4

*Childress v. Liberty Mut. Ins. Co.*,
2018 WL 4684209 (D.N.M. Sept. 28, 2018) ........................................................8, 13

*Crinkley v. Holiday Inns, Inc.*,
844 F.2d 156 (4th Cir. 1988) ....................................................................................10

*Cunningham v. Politi*,
2019 WL 2517085 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL
2524737 (June 19, 2019) ...........................................................................................15

## TABLE OF AUTHORITIES
(continued)

Page

*Cunningham v. Rapid Capital Funding, LLC/RCF*,
    2017 WL 3574451 (M.D. Tenn. July 27, 2017), *report and rec. adopted*, 2017 WL
    3776165 (Aug. 31, 2017) ........................................................................................... 15

*Davila v. Delta Air Lines, Inc.*,
    326 F.3d 1183 (11th Cir. 2003) .................................................................................. 4

*Donaca v. Dish Network, LLC*,
    303 F.R.D. 390 (D. Colo. 2014) ........................................................................... 7, 15

*Dorfman v. Albertson's LLC*,
    2020 WL 86192 (D. Idaho Jan. 7, 2020) .................................................................. 19

*Early v. Bankers Life & Cas. Co.*,
    959 F.2d 75 (7th Cir. 1992) ........................................................................................ 8

*Earnest v. Gen. Motors Corp.*,
    923 F. Supp. 1469 (N.D. Ala. 1996) ..................................................................... 6, 19

*Fantasy, Inc. v. Fogerty*,
    984 F.2d 1524 (9th Cir. 1993) .................................................................................... 5

*Fernandez v. Tricam Indus., Inc.*,
    2009 WL 10668267 (S.D. Fla. Oct. 21, 2009) .......................................................... 4

*Fick v. Alabama State Dep't of Educ.*,
    2018 WL 6835917 (S.D. Ala. Sept. 28, 2018), *report and rec. adopted,* 2018 WL
    6835806 (Dec. 27, 2018) ............................................................................................ 8

*Fisher v. Alarm.com Hldgs, Inc.*,
    2018 WL 5717579 (N.D. Ill. Nov. 1, 2018) ............................................................ 11

*Flynn v. DIRECTV, LLC*,
    2016 WL 4467885 (D. Conn. Aug. 23, 2016) ......................................................... 20

*Frank v. Cannabis & Glass, LLC*,
    2019 WL 4855378 (E.D. Wash. Oct. 1, 2019) .......................................................... 7

*GDG Acquisitions LLC v. Gov't of Belize*,
    849 F.3d 1299 (11th Cir. 2017) .................................................................................. 9

*Gene and Gene LLC v. BioPay LLC*,
    541 F.3d 318 (5th Cir. 2008) .................................................................................... 20

*GeorgiaCarry.Org, Inc. v. Georgia*,
    687 F.3d 1244 (11th Cir. 2012) ............................................................................ 4, 16

*Gulden v. Consol. World Travel Inc.*,
    2017 WL 3841491 (D. Ariz. Feb. 15, 2017) ........................................................... 14

*Hanlon v. Chrysler Corp.*,
    150 F.3d 1011 (9th Cir. 1998) .................................................................................. 19

*Hernandez v. Select Portfolio, Inc.*,
    2015 WL 3914741 (C.D. Cal. June 25, 2015) ......................................................... 13

## TABLE OF AUTHORITIES
(continued)

Page

*Hicks v. Alarm.com*,
    2020 U.S. LEXIS 157433 (E.D. Va. Aug. 6, 2020)........................................................15, 17

*Hirsch v. Lyndon S. Ins. Co.*,
    2019 WL 5110622 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.,* 2019
    WL 8370863 (Aug. 6, 2019), *aff'd*, 805 F.App'x 987 (11th Cir. 2020).......................7, 11, 13

*Hodgin v. UTC Fire & Sec. Americas Corp.*,
    885 F.3d 243 (4th Cir. 2018) .........................................................................................10

*Holland v. Sebelius*,
    2015 WL 13691436 (N.D. Ga. May 12, 2015), *report and rec. adopted*, 2015 WL
    13691883 (June 4, 2015)..................................................................................................5

*Honig v. Kornfeld*,
    339 F. Supp. 3d 1323 (S.D. Fla. 2018) ......................................................................10, 12

*In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*,
    223 F. Supp. 3d 514 (N.D. W.Va. 2016) ...................................................................10, 12

*In re Tri-State Crematory Litig.*,
    215 F.R.D. 660 (N.D. Ga. 2003)......................................................................................19

*In the Matter of the Joint Petition*
    *filed by Dish Network, LLC*, 28 FCC Rcd. 6574 (2013)...................................................7

*Jaafar Inv. Corp. v. Scottsdale Ins. Co.*,
    2019 WL 8014368 (S.D. Fla. June 7, 2019) .....................................................................4

*Jackson v. Motel 6 Multipurpose, Inc.*,
    130 F.3d 999 (11th Cir. 1997) ..........................................................................................6

*John v. Nat'l Sec. Fire & Cas. Co.*,
    501 F.3d 443 (5th Cir. 2007) ............................................................................................6

*Jones v. Royal Admin. Servs., Inc.*,
    866 F.3d 1100 (9th Cir. 2017) ..........................................................................................9

*Jones v. Royal Admin. Svcs., Inc.*,
    887 F.3d 443 (9th Cir. 2018) ......................................................................................10, 12

*Jung v. Bank of Am., N.A.*,
    2016 WL 5929273 (M.D. Pa. Aug. 2, 2016) ..................................................................15

*Kristensen v. Credit Payment Servs.*,
    12 F. Supp. 3d 1292 (D. Nev. 2014)................................................................................10

*Lawson v. Life of the S. Ins. Co.*,
    286 F.R.D. 689 (M.D. Ga. 2012) ......................................................................................6

*Lexmark Int'l, Inc. v. Static Control Components, Inc.*,
    134 S.Ct. 1377 (2014)................................................................................................5, 17

*Licari Family Chiropractic Inc. v. eClinical Works, LLC*,
    2019 WL 7423551 (M.D. Fla. Sept. 16, 2019) ...............................................................18

iv

# TABLE OF AUTHORITIES
(continued)

**Page**

*Linlor v. Five9, Inc.*,
  2017 WL 5885671 (S.D. Cal. Nov. 29, 2017) ............................................................9, 10, 12

*Lujan v. Defenders of Wildlife*,
  504 U.S. 555 (1992)......................................................................................................5, 16

*Meeks v. Buffalo Wild Wings, Inc.*,
  2018 WL 1524067 (N.D. Cal. Mar. 28, 2018)........................................................................10

*Melito v. Am. Eagle Outfitters, Inc.*,
  2015 WL 7736547 (S.D.N.Y. Nov. 30, 2015)..........................................................................8

*Monteferrante v. Williams–Sonoma, Inc.*,
  241 F. Supp. 3d 264 (D. Mass. 2017) ..............................................................................6, 19

*MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*,
  755 F. Supp. 2d 1205 (M.D. Fla. 2010)..................................................................................6

*Naiman v. Freedom Forever, LLC*,
  2019 WL 1790471 (N.D. Cal. Apr. 24, 2019)....................................................................7, 14

*Naiman v. TranzVia LLC*,
  2017 WL 5992123 (N.D. Cal. Dec. 4, 2017).......................................................................9, 12

*Panacci v. A1 Solar Power, Inc.*,
  2015 WL 3750112 (N.D. Cal. June 15, 2015).........................................................................11

*Pascal v. Agentra, LLC*,
  2019 WL 5212961 (N.D. Cal. Oct. 16, 2019)....................................................................10, 13

*Pepka v. Kohl's Dep't Stores, Inc.*,
  2016 WL 8919460 (C.D. Cal. Dec. 21, 2016) .....................................................................6, 19

*Powell v. YouFit Health Clubs LLC*,
  2019 WL 926048 (S.D. Fla. Feb. 22, 2019) .........................................................................20

*Reo v. Caribbean Cruise Line, Inc.*,
  2016 WL 1109042 (N.D. Ohio Mar. 18, 2016) .....................................................................11

*Rogers v. Postmates Inc.*,
  2020 WL 3869191 (N.D. Cal. July 9, 2020).....................................................................11, 13

*Sheski v. Shopify (USA) Inc.*,
  2020 WL 2474421 (N.D. Cal. May 13, 2020)..................................................................7, 8, 11

*Sliwa v. Bright House Networks, LLC*,
  2019 WL 4744938 (M.D. Fla. Sept. 27, 2019) .....................................................................20

*Smith v. State Farm*,
  2013 WL 5346430 (N.D. Ill. Sept. 23, 2013) .......................................................................10

*Spokeo, Inc. v. Robins*,
  136 S.Ct. 1540 (2016)..............................................................................................................5

*Sterling v. Securus Techs., Inc.*,
  2020 WL 2198095 (D. Conn. May 6, 2020).........................................................................16

# TABLE OF AUTHORITIES
(continued)

**Page**

*Thomas v. Taco Bell Corp.*,
  582 F.App'x. 678 (9th Cir. 2014) ....................................................10

*Walewski v. Zenimax Media, Inc.*,
  502 F.App'x 857 (11th Cir. 2012) (*per curiam*) ................................18

*Warciak v. Subway Restaurants, Inc.*,
  949 F.3d 354 (7th Cir. 2020) ........................................................13

## STATUTES

47 U.S.C. § 227(b)(1)(A)(iii) .............................................................8

47 U.S.C. § 227(c) ................................................................... passim

47 U.S.C. § 227(c)(5) ....................................................6, 14, 15, 18

## OTHER AUTHORITIES

47 C.F.R. § 64.1200(c) ..............................................................14, 18

47 C.F.R. § 64.1200(c)(2) ....................................................6, 16, 18

47 C.F.R. § 64.1200(f)(5) ...............................................................18

47 C.F.R. § 64.1200(f)(14) .........................................................14, 18

28 FCC Rcd. at 6583 ¶ 26 ...............................................................7

7A Wright & Miller, FEDERAL PRAC. & PROC. § 1760 (3d ed. 2005) ...........18

Restatement (3d) of Agency § 1.01, cmt. c ..........................................9

Restatement (Third) of Agency § 2.01 ................................................9

United States Constitution, Article III ........................................ passim

5 Wright & Miller, Fed. Prac. & Proc. § 1382 (1990)), *rev'd on other grounds,* 510 U.S.
  517 (1994) .............................................................................5

## RULES

Fed. R. Civ. P. 8 ........................................................................13

Fed. R. Civ. P. 12(b)(1) ......................................................... passim

Fed. R. Civ. P. 12(b)(6) ......................................................... passim

Fed. R. Civ. P. 12(f) ............................................................. passim

Fed. R. Civ. P. 23 ................................................................ passim

Fed. R. Civ. P. 23(b)(3) ...............................................................19

Fed. R. Civ. P. 23(c)(1)(A) ..............................................................5

Defendant Atlantic Energy MD LLC ("Atlantic") respectfully moves this Court to dismiss the putative Class Action Complaint (*see* Dkt. 1, "Complaint" or "Compl.") filed by Plaintiff Andrew Perrong ("Plaintiff") in the above-captioned matter: (i) for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); and/or (ii) for lack of federal subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) due to Plaintiff's failure to meet the requirements for standing under Article III of the United States Constitution. Should the Court decide not to dismiss the Complaint either in whole or in part, Atlantic respectfully moves in the alternative to strike Plaintiff's faulty class definition and other class-related allegations under Fed. R. Civ. P. 12(f) and 23. In support thereof, Atlantic submits the following incorporated memorandum of law.

## INTRODUCTION

Plaintiff's Complaint utterly fails to state a plausible claim for relief against Atlantic or to demonstrate Article III standing on several levels. Plaintiff's failure to connect Atlantic to his threadbare allegations is not all that surprising, as Atlantic simply does not telemarket to anyone or allow others to do so on its behalf, and only takes inbound phone calls. Despite this, Plaintiff conclusorily and inconsistently alleges in his Complaint, without requisite supporting facts, that Atlantic violated the Telephone Consumer Protection Act ("TCPA") based on four phone calls allegedly made to a number listed on the National "Do Not Call" ("DNC") Registry. Yet Plaintiff, a professional TCPA litigant,[1] readily concedes that ***Atlantic did not call him*** and, instead, that an ***unidentified third party*** did. But merely regurgitating the legal elements of a cause of action without factual support, as Plaintiff has done here, does not satisfy federal pleading standards. Therefore, the Complaint should be dismissed in its entirety for at least the following reasons:

---

[1] Indeed, even a cursory review of PACER reveals that Plaintiff has filed ***over 60*** substantially similar TCPA complaints against numerous defendants, filed seemingly in every federal Circuit and nearly every District in the country, including this one.

First, the Complaint should be dismissed under Rule 12(b)(6), as Plaintiff fails to allege a claim under the TCPA or any facts to support such a claim.  In fact, beyond providing virtually no details about the purported at-issue phone calls and conceding that Atlantic did not make them, Plaintiff does not plead any non-conclusory facts suggesting that Atlantic (i) took any steps to "physically place" the at-issue calls, as is required for direct TCPA liability; or (ii) had an agency relationship with or control over any responsible third parties who did, as is required for vicarious TCPA liability.  These failings alone warrant dismissal of the entire Complaint.

Second, the Complaint is equally devoid of facts supporting Plaintiff's conclusory allegations that Atlantic violated the TCPA's National DNC provision:47 U.S.C. § 227(c).  For example, Plaintiff fails to allege, *inter alia,* that (i) the calls were made "by or on behalf" of Atlantic; (ii) the calls constituted a "telephone solicitation" as defined in the TCPA and its related regulations; (ii) the phone upon which he purportedly received the alleged calls is used only for "residential" purposes; (iv) he is the "subscriber" of that phone and phone number; or (v) Plaintiff, and not some third party, registered that number on the National DNC Registry.  These failings each warrant dismissal.

Third, in addition to dismissal under Rule 12(b)(6), the Court should also dismiss the entire Complaint under Rule 12(b)(1) because Plaintiff cannot meet at least two of the requirements for Article III standing—*i.e.*, causation and redressability.[2]  In this regard, Plaintiff fails to allege any facts tracing his purported injuries (if any) to Atlantic and fails to explain how any monetary or other relief from Atlantic will redress his alleged injuries caused by unidentified third parties.

Lastly, while the Complaint should be dismissed for multiple reasons above, the class allegations in it are also so facially improper and inadequate that the proposed class is uncertifiable

---

[2] Atlantic does not concede (and indeed disputes) Plaintiff suffered an "injury in fact" sufficient for Article III standing, and reserves the right to raise this issue at a later time.

2

as pled.  Therefore, those allegations should be stricken at the pleadings stage, if they survive dismissal, under Rules 12(f) and 23 before the parties and Court waste needless effort in discovery.

## RELEVANT ALLEGATIONS

According to Plaintiff, he "has a private telephone number of (215) 725-XXXX" that is "not associated with any business" and "is used for [his] personal use." Compl. ¶¶ 20-21, 23.[3]  Plaintiff alleges this number was listed on the National DNC Registry (though by whom or when is not specified) "for more than thirty-one days prior the [at-issue] calls." *Id.* ¶ 22.  Plaintiff further claims "Atlantic Energy placed at least four telemarketing calls to [him] on August 18, 2020." *Id*. ¶ 24. Despite this, however, Plaintiff concedes it was ***not Atlantic*** who "placed" these calls and, instead, inconsistently alleges that: (i) the caller "claimed to be with PECO Energy, a public energy provider that is local to" him; (ii) "[u]pon information and belief, the caller was not with PECO"; and (iii) it was a "vendor" he refers to as "John Doe Corporation" that actually called him. *Id*. ¶¶ 3, 25, 26, 29, 30.  He further claims he "engaged" this "vendor" during one of the calls and that he somehow "conclusively identified Atlantic Energy as the company that was being promoted." *Id*. ¶ 28.

The foregoing represents the sum total of the Complaint's "factual" allegations.  What remains is a laundry list of conclusory, formulaic, and oft-inconsistent allegations, each giving short shrift to the legal elements of his TCPA claim without supporting facts, and legal authority.  *See, e.g., id.* ¶¶ 1-4, 10-18, 31-62.  For example, Plaintiff concludes that Atlantic: (i) "accepted the benefits" of the third party's calls "by accepting live transfers of leads" directly from that party; (ii) "had absolute control over whether, and under what circumstances, it would accept a customer"; (iii) "restricted the geographic regions that John Doe called"; (iv) "determined the parameters and

---

[3] Plaintiff does <u>not</u> allege what kind of phone—*e.g*., landline or cellular— on which these calls were received, who registered it on the Registry, if he is the subscriber, or if the calls were even received on the phone associated with the partial phone number referred to in the Complaint.

qualifications for customers that John Doe made telemarketing calls to"; and (v) "provided other requirements of the parameter [*sic*] of customer they were seeking." *Id*. ¶¶ 39-43.

## APPLICABLE LEGAL STANDARDS

### I.     RULE 12(B)(6) – FAILURE TO STATE A CLAIM FOR RELIEF

Rule 12(b)(6) provides for dismissal where a plaintiff fails to state a claim for relief.  A legal claim mandates the pleading of sufficient facts.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57 (2007).  A "bare assertion" and "conclusory allegation[s]" will not suffice.  *Id*.  Bald allegations without such factual enhancements "stop[] short of the line between possibility and plausibility of entitlement to relief."  *Id.* (internal quotations omitted).  A "formulaic recitation of the elements" of a claim likewise fails to meet the requisite pleading standard.  *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009).  Instead, Plaintiff **must "include factual allegations for each essential element of … [his] claim**."  *GeorgiaCarry.Org, Inc. v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (emphasis added). *See also Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1337 (11th Cir. 2012) ("Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible.").

Moreover, while the Court must generally accept Plaintiff's factual allegations as true, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal."  *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). *See also Fernandez v. Tricam Indus., Inc.*, 2009 WL 10668267, at *2 (S.D. Fla. Oct. 21, 2009) (dismissing where complaint "merely contain[ed] legal conclusions masquerading as factual allegations"); *Chester v. Bank of Am*., 2014 WL 12117966, at *5 (N.D. Ga. May 7, 2014), *report and rec. adopted*, 2014 WL 12284023 (Aug. 28, 2014) ("Plaintiff's conclusory allegations are speculative, unsupported legal conclusions devoid of factual enhancement, and thus are not properly accepted as true" for Rule 12(b)(6) purposes.); *Jaafar Inv. Corp. v. Scottsdale Ins. Co.*, 2019 WL 8014368, at *1 (S.D. Fla. June 7, 2019) ("Defendant is correct that Plaintiff supports his allegations

4

with insufficient **specific facts** about the nature and extent of [his] alleged loss.  As such, the Complaint is due to be dismissed pursuant to Rule 12(b)(6).") (emphasis added).

## II.     RULE 12(B)(1) – LACK OF SUBJECT MATTER JURISDICTION (STANDING)

Rule 12(b)(1) provides that a complaint is properly dismissed where (as here) the court lacks subject matter jurisdiction.  In this regard, Article III of the United States Constitution confers on the federal judiciary the power to adjudicate certain cases and controversies.  In order to establish sufficient standing to bring any claim under Article III, (i) a plaintiff must have suffered a concrete and particularized "injury in fact," (ii) there must be a causal connection between the injury and the conduct complained of (*i.e.,* "traceability"), and (iii) the injury must be capable of being redressed by a favorable decision (*i.e.*, "redressability").  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992).  *See also Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016) (party invoking federal subject matter jurisdiction has the burden of establishing Article III standing); *Lexmark Int'l, Inc. v. Static Control Components, Inc*., 134 S.Ct. 1377, 1386 (2014) (holding that the "causation" element requires that the "injury in fact" be "fairly traceable" to the defendant's conduct).

## III.     RULES 12(F)/23 – STRIKING IMPROPER CLASS ALLEGATIONS

Under Rule 12(f), courts may strike "any redundant, immaterial, impertinent, or scandalous matter" from pleadings.  "Immaterial" matter "has no essential or important relationship to the claim for relief … being pleaded," and "'[i]mpertinent' matter consists of statements that do not pertain, and are not necessary, to the issues in question."  *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993) (quoting 5 Wright & Miller, Fed. Prac. & Proc. § 1382 (1990)), *rev'd on other grounds*, 510 U.S. 517 (1994).  *See also Holland v. Sebelius*, 2015 WL 13691436, at *4, n.2 (N.D. Ga. May 12, 2015), *report and rec. adopted*, 2015 WL 13691883 (June 4, 2015) (citing *Fantasy* with approval).  Further, by rule, federal courts are required to address class certification "[a]t an early practicable time."  Fed. R. Civ. P. 23(c)(1)(A).

5

In this regard, class allegations may be properly stricken at the pleadings stage pursuant to Rules 12(f) and 23 where, as here, "it is facially apparent from the pleadings that there is no ascertainable class." *John v. Nat'l Sec. Fire & Cas. Co.*, 501 F.3d 443, 445 (5th Cir. 2007). *See also Jackson v. Motel 6 Multipurpose, Inc.*, 130 F.3d 999, 1006 (11th Cir. 1997) (recognizing that propriety of class certification may be "readily apparent" from the face of the complaint); *Lawson v. Life of the S. Ins. Co.*, 286 F.R.D. 689, 701 (M.D. Ga. 2012) (striking class allegations where pleadings did not indicate, and discovery would not prove, that a class action could be certified); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207 (M.D. Fla. 2010) ("Where the propriety of a class action procedure is plain from the initial pleadings, a district court may rule on the issue prior to the filing of a motion for class certification"); *Pepka v. Kohl's Dep't Stores, Inc.*, 2016 WL 8919460, at \*1-5 (C.D. Cal. Dec. 21, 2016) (striking class allegations in a TCPA case which "necessarily involve[d] individualized inquiries"); *Monteferrante v. Williams–Sonoma, Inc.,* 241 F. Supp. 3d 264, 269 (D. Mass. 2017) ("a court may strike class allegations that plainly encompass individuals whose claims are barred"); *Earnest v. Gen. Motors Corp.,* 923 F. Supp. 1469, 1473 (N.D. Ala. 1996) (granting motion to strike class definition that was overly "broad, amorphous, and vague").

## **ARGUMENT**

## I.   **THE COMPLAINT SHOULD BE DISMISSED UNDER RULE 12(B)(6) FOR FAILURE TO STATE A PLAUSIBLE CLAIM UNDER THE TCPA.**

Here, Plaintiff alleges that Atlantic violated only one provision of the TCPA for the at-issue calls. *See* Compl. ¶¶ 58-62. In pertinent part, that provision and its related implementing regulations prohibit "initiat[ing]" more than one "telephone solicitation" call "by or on behalf of the same entity" in a 12-month period to a "residential telephone subscriber who has registered his or her telephone number" on the National DNC Registry. 47 U.S.C. §§ 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2). As

shown below, however, the Complaint is devoid of specific facts supporting Plaintiff's TCPA claim against Atlantic and, instead, it relies exclusively on threadbare legal conclusions and speculation, which are insufficient to state a claim under federal pleading standards for several reasons.

### A.    Plaintiff Fails to Plead Facts Supporting Direct TCPA Liability.

As an initial matter, it is well accepted that direct liability under the TCPA applies **_only_** to persons or entities that "initiate" telemarketing calls and, in this regard, it is well-accepted that to "initiate" a call for the purposes of a TCPA violation means to "physically place" the call. *Sheski v. Shopify (USA) Inc.,* 2020 WL 2474421, at *2 (N.D. Cal. May 13, 2020) (citing *In the Matter of the Joint Petition filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6583 ¶ 26 (2013)) (emphasis added). *See also Frank v. Cannabis & Glass, LLC*, 2019 WL 4855378, at *2 (E.D. Wash. Oct. 1, 2019) ("Merely alleging that [a defendant] 'made' or 'initiated' [a] call is not sufficient to allege a [direct] TCPA [liability] claim."). This rule applies to claims brought under the TCPA's National DNC Registry provision in Section 227(c) of the TCPA, as Plaintiff has invoked here. *See, e.g., Donaca v. Dish Network, LLC*, 303 F.R.D. 390, 394-96 (D. Colo. 2014).

Consequently, courts routinely reject threadbare direct TCPA liability claims, like Plaintiff's, lacking facts regarding the defendant's initiation of calls in the sense of "***tak[ing] the steps necessary to physically place*** a [] call" to the plaintiff. *Sheski,* 2020 WL 2474421, at *3 (quoting 28 FCC Rcd. at 6583 ¶ 26) (emphasis added). *See also Hirsch v. Lyndon S. Ins. Co.,* 2019 WL 5110622, at *6 (M.D. Fla. June 7, 2019), *report and rec. adopted sub nom.,* 2019 WL 8370863 (Aug. 6, 2019), *aff'd,* 805 F.App'x 987 (11th Cir. 2020) (dismissing where plaintiff was "attempting to impose liability on Defendants for countless calls made throughout the United States … without alleging who made the calls"); *Naiman v. Freedom Forever, LLC,* 2019 WL 1790471, at *4 (N.D. Cal. Apr. 24, 2019) (dismissing Section 227(c) claim where plaintiff failed "to plead *any* facts giving rise to a reasonable inference that [the defendant] or an entity under its control, made the calls at issue") (emphasis in

original).  This Court should rule similarly here.

In this case, though Plaintiff baldly alleges that Atlantic "placed" the at-issue calls (Compl. ¶ 24), he does not allege that Atlantic ***physically*** placed them as is required for direct TCPA liability, let alone any facts supporting such a conclusion.  Rather, Plaintiff readily concedes this point, alleging among other things that an unknown third party "vendor" that identified themselves as being "with PECO Energy" (i.e., "John Doe Corporation") was the party who physically called him.  *Id.* ¶¶ 3, 25, 29.[4]  Therefore, by his own admissions, Plaintiff has failed to state a claim for direct TCPA liability and, as such, his Complaint should be dismissed on this basis.  *See, e.g., Melito v. Am. Eagle Outfitters, Inc.*, 2015 WL 7736547, at *4 (S.D.N.Y. Nov. 30, 2015) ("Because [p]laintiffs do not plead that [defendant] 'made,' i.e., physically placed or actually sent, the text messages, the [complaint] fails to state a claim that is plausible on its face under section 227(b)(1)(A)(iii) of the TCPA.") (emphasis added); *Childress v. Liberty Mut. Ins. Co.*, 2018 WL 4684209, at *3 (D.N.M. Sept. 28, 2018) (ruling similarly); *Sheski,* 2020 WL 2474421, at *3 (dismissing where allegations "d[id] not lead to the inference [defendant] [physically] sent or was directly involved in sending the text messages at issue" so as to be subject to direct TCPA lability).  *See also Fick v. Alabama State Dep't of Educ.*, 2018 WL 6835917, at *4 (S.D. Ala. Sept. 28, 2018), *report and rec. adopted,* 2018 WL 6835806 (Dec. 27, 2018) ("'[A] plaintiff can plead himself out of court.  If he alleges facts that show he isn't entitled to a judgment, he's out of luck.'") (quoting *Early v. Bankers Life & Cas. Co.,* 959 F.2d 75, 79 (7th Cir. 1992)).

### B.   Plaintiff Fails to Plead Facts Supporting Vicarious TCPA Liability.

Having conceded Atlantic is not subject to direct TCPA liability in this case, Plaintiff appears

---

[4] Plaintiff also admits that "Atlantic Energy's contact with the public is limited" and concludes (albeit inaccurately) without any factual support that Atlantic "relies on third parties like John Doe Corporation to conduct the telemarketing." *Id*. ¶¶ 16, 17.  These allegations further belie any direct liability claim in this case.

8

to allege that Atlantic is vicariously liable for calls made by unidentified third party "affiliates, agents, and/or other persons or entities acting" on its behalf.  Compl. ¶ 59.  Plaintiff's conclusory vicarious liability allegations likewise fail to meet federal pleading standards for several reasons.

To begin, vicarious liability cannot be casually pled; rather, courts uniformly require plaintiffs to meet a certain pleading threshold before dragging in an otherwise innocent party into litigation over the conduct of another.  Instead, vicarious liability requires a special relationship between a principal and an agent.  *See* Restatement (3d) of Agency § 1.01, cmt. c ("[T]he concept of agency posits a ***consensual relationship*** in which one person, to one degree or another or respect or another, acts as a representative of or otherwise acts on behalf of another person with power to affect the legal rights and duties of the other person.") (emphasis added).  More specifically, "[a]gency is the ***fiduciary relationship*** that arises when one person (a 'principal') ***manifests assent*** to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the ***principal's control***, and the agent manifests assent or otherwise consents so to act."  *Naiman v. TranzVia LLC*, 2017 WL 5992123, at *6 (N.D. Cal. Dec. 4, 2017) (quoting *Jones v. Royal Admin. Servs., Inc.*, 866 F.3d 1100, 1105 (9th Cir. 2017) (citing Restatement, § 1.01)) (emphasis added).[5] *Accord Cheney v. IPD Analytics, L.L.C.*, 2009 WL 1298405 at *5 (S.D. Fla. Apr. 16, 2009).[6]  This requires "more than mere passive permission; it involves request, instruction, or command."  *Linlor v. Five9, Inc.*, 2017 WL 5885671, at *3 (S.D. Cal. Nov. 29, 2017).

"Apparent authority" likewise does not arise passively and "can only 'be established by proof of something said or done by the [***alleged principal***], on which [Plaintiff] ***reasonably relied'*** to the

---

[5] In the case law, this is referred to as "actual" agency or authority.

[6] *See also GDG Acquisitions LLC v. Gov't of Belize*, 849 F.3d 1299, 1308 (11th Cir. 2017) (An "agent acts with actual authority when, at the time of taking action that has legal consequences for the principal, the agent reasonably believes, in accordance with the principal's manifestations to the agent, that the principal wishes the agent so to act.") (quoting Restatement (Third) of Agency § 2.01).

9

plaintiff's detriment." *Linlor*, 2017 WL 5885671, at *3 (quoting *Thomas v. Taco Bell Corp.*, 582 F.App'x. 678,679 (9th Cir. 2014)) (emphasis added).  *Accord Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1347-48 (S.D. Fla. 2018).  But, even then, "apparent authority presupposes actual agency, and only operates to extend the scope of an actual agent's authority." *Crinkley v. Holiday Inns, Inc.*, 844 F.2d 156, 166 (4th Cir. 1988).  Similarly,"[a]lthough a principal is liable when it ratifies an originally unauthorized tort, the principal-agent relationship is still a requisite, and ratification can have no meaning without it." *Linlor*, 2017 WL 588671, at *3 (quoting *Batzel v. Smith*, 333 F.3d 1018, 1036 (9th Cir. 2003)).  Thus, "ratification" also requires actual authority.  *See, e.g., Pascal v. Agentra, LLC*, 2019 WL 5212961, at *4 (N.D. Cal. Oct. 16, 2019); *Canary v. Youngevity Int'l, Inc.*, 2019 WL 1275343, at *9 (N.D. Cal. Mar. 20, 2019).  *See also Smith v. State Farm*, 2013 WL 5346430, at *3-6 (N.D. Ill. Sept. 23, 2013) (ratification agency requires ***knowing acceptance*** of agent's benefits). Ultimately, "[t]hough 'the precise details of the agency relationship need not be pleaded to survive a motion to dismiss, sufficient facts must be offered to support a reasonable inference that an agency relationship existed.'" *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *5 (N.D. Cal. Mar. 28, 2018) (quoting *Kristensen v. Credit Payment Servs.*, 12 F. Supp. 3d 1292, 1301 (D. Nev. 2014)).

Further, in the TCPA context in particular, courts have widely recognized that vicarious liability cannot attach without the ***"essential ingredient" of control***.  *See, e.g., Jones v. Royal Admin. Svcs., Inc.,* 887 F.3d 443, 450 (9th Cir. 2018).  *See also In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act Litig.*, 223 F. Supp. 3d 514, 520 (N.D. W.Va. 2016), *aff'd sub nom. Hodgin v. UTC Fire & Sec. Americas Corp.*, 885 F.3d 243 (4th Cir. 2018) ("[I]n order to prove actual agency [for vicarious TCPA liability], the plaintiff must show that the defendant controlled or had the right to control the purported agent and, more specifically, the manner and means of the solicitation campaign that was conducted.") (citation omitted).

Consequently, not only do courts routinely dismiss TCPA claims, like Plaintiff's, premised on vicarious liability at the pleading stage, but the vast majority of them have held that failure to allege sufficient facts establishing an agency relationship with or control over an agent is fatal to such claims. *See*, *e.g.*, *Hirsch,* 2019 WL 5110622, at *6 (dismissing, noting that the FCC "has explicitly rejected a theory of liability under the TCPA against the seller of a product for telephone calls marketing that product absent an agency or similar relationship between the seller and the caller"); *Panacci v. A1 Solar Power, Inc.*, 2015 WL 3750112, at *7 (N.D. Cal. June 15, 2015) (dismissing where plaintiff did not allege defendant "controlled, authorized, or even knew about [third party's] phone calls or that [defendant] had any control over" caller); *Reo v. Caribbean Cruise Line, Inc.*, 2016 WL 1109042, at *5 (N.D. Ohio Mar. 18, 2016) (dismissing where "sparse allegations made [] d[id] not allege any facts that show [defendant] had any power to give interim instructions or otherwise had any control over the performance of" callers); *Fisher v. Alarm.com Hldgs, Inc.*, 2018 WL 5717579, at *3 (N.D. Ill. Nov. 1, 2018) (dismissing where allegations did not "support a reasonable inference that [defendant] is the principal and the third-party caller is an agent controlled by [defendant]"); *Rogers v. Postmates Inc.*, 2020 WL 3869191, at *4 (N.D. Cal. July 9, 2020) (dismissing where plaintiff had "not alleged any facts that support the inference that [defendant] exercised any control over [the third party] or [the third party]'s marketing campaign"); *Sheski*, 2020 WL 2474421, at *4 (dismissing where no factual allegations supporting agency).

In this case, Plaintiff does not—and indeed cannot—allege the "essential ingredient of control" and, therefore, has failed to plead any facts supporting a claim for vicarious TCPA liability. Instead, his Complaint omits the phone number of the alleged caller and merely (i) alleges in a purely conclusory fashion and without factual support that the unidentified third party who purportedly called him was "an Atlantic Energy vendor" and that Atlantic was the "company that was promoted";

and (ii) and includes vague references to purported "agents," "affiliates" and "employees" of Atlantic.  Compl. ¶¶ 28, 29, 48, 59.  But it does <u>not</u> allege, for example, that: (1) any third party caller ever identified him/herself as an Atlantic "employee," let alone as an Atlantic "agent"; (2) Atlantic supervised or controlled the calls that he purportedly received; (3) Atlantic supplied that third party with tools and instrumentalities to make the alleged calls; (4) Atlantic had any control over the marketing methods employed by that third party; or (5) Atlantic and that third party maintained a long-term or permanent working relationship.  *See, e.g.*, *Jones*, 887 F.3d at 450 (analyzing these and other factors in holding seller was not vicariously liable for telemarketer's alleged TCPA violations); *Monitronics*, 223 F. Supp. 3d at 520 (discussing similar factors).  Nor does Plaintiff allege in his Complaint that ***Atlantic*** did or said anything to him or that he ***relied*** on such actions or statements to his ***detriment***, as is required to plead apparent authority.  *See Linlor and Honig, supra.*

At best, Plaintiff vaguely alleges (or, rather, again concludes without any factual support) that Atlantic" (i) "accepted the benefits" of the third party's calls "by accepting live transfers of leads" directly from that party; (ii) "had absolute control over whether, and under what circumstances, it would accept a customer"; (iii) "restricted the geographic regions that John Doe called"; (iv) "determined the parameters and qualifications for customers that John Doe made telemarketing calls to"; and (v) "provided other requirements of the parameter [*sic*] of customer they were seeking."  Compl. ¶¶ 39-43.  These unsupported allegations fail on several levels.  For starters, courts have rejected substantially similar, if not virtually identical, allegations as being wholly insufficient to state a plausible vicarious TCPA liability claim.  *See, e.g., TranzVia, LLC*, 2017 WL 5992123, at *11 (dismissing TCPA claim on vicarious liability grounds where, as here, the plaintiff alleged in conclusory fashion the defendant had hired third party caller to act as its telemarketing agent, "had control over [the third-party's] actions on its behalf," "limited the types of business [the

telemarketer] could solicit," "restricted the geography within which [the telemarketer] could promote [the defendant's business]," "decided whether ... it would accept a customer from [the telemarketer]," "instructed [the telemarketer] with respect to the volume of calling," and "had day-to-day control over [the telemarketer's] actions"). And merely using the legal buzzword "control" is not enough. *See Childress,* 2018 WL 4684209, at *3 (a plaintiff "cannot simply allege general control in a vacuum" for vicarious TCPA liability). This Court should rule similarly in this case.

Further, even assuming *arguendo* that Plaintiff was attempting to exert a ratification theory of agency to the extent that Atlantic "accepted the benefits," that theory fails from the outset without actual authority (which again requires the "essential ingredient of control" and Plaintiff has failed to plead), as noted above. *See Pascal* and *Canary*, *supra*.[7] Moreover, merely concluding that Atlantic "hired" the third party—or parties, since Plaintiff suggests there could be more than one who called him (Compl. ¶ 38)—is likewise insufficient to state a plausible claim for vicarious TCPA liability and avoid a Rule 12(b)(6) dismissal. *See, e.g., Rogers*, 2020 WL 3869191, at *4-5 (rejecting argument that beneficial contractual relationship between two business alone was sufficient to allege vicarious liability) (citing *Warciak v. Subway Restaurants, Inc*., 949 F.3d 354, 357 (7th Cir. 2020)).

In sum, to the extent Plaintiff seeks to hold Atlantic vicariously liable under the TCPA, his Complaint falls far short of satisfying basic federal pleading requirements in that regard and, thus, it should be dismissed in its entirety pursuant to Rule 12(b)(6) for this reason as well. *See, e.g., Hirsch*, 2019 WL 5110622, at *6 (dismissing where plaintiff failed to plead facts supporting common law agency); *Abramson v. 1 Glob. Capital, LLC*, 2015 WL 12564318, at *3 (S.D. Fla. Sept. 23, 2015)

---

[7] Oddly, though Plaintiff alleges that John Doe Corporation was the "vendor" that called him (Compl. ¶ 30), he also inconsistently alleges that "John Doe Corporation transferred customer information directly to Atlantic Energy's ***vendor***" (*id*. ¶ 44, emphasis added). This implausibly suggests John Doe transferred the at-issue calls ***to itself***. *See also Hernandez v. Select Portfolio, Inc.,* 2015 WL 3914741, at *10 (C.D. Cal. June 25, 2015) ("Contradictory allegations … are inherently implausible, and fail to comply with Rule 8, *Twombly*, and *Iqbal*.").

(dismissing where plaintiff's "allegations of vicarious [TCPA] liability [we]re conclusory in nature"); *Gulden v. Consol. World Travel Inc.*, 2017 WL 3841491, at *3 (D. Ariz. Feb. 15, 2017) (dismissing where plaintiff "offer[ed] no factual support" for conclusion that the "[d]efendant was the source of the alleged calls," ruling that "[b]ecause identity is a necessary element of all of Plaintiff's [TCPA] claims, this deficiency warrants dismissal of all of Plaintiff's claims.").

### C.   Plaintiff Fails to Plead Facts Supporting His TCPA "Do Not Call" Claim.

Plaintiff also fails to plead facts supporting essential elements of his claim under Section 227(c) of the TCPA.  To plausibly allege such a claim, Plaintiff must allege facts suggesting that more than one "telephone solicitation" was "initiate[d]" "by or on behalf of the same entity" (*i.e.*, Atlantic) in a 12-month period to "a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry [. . .]" 47 C.F.R. §§ 64.1200(c); 47 U.S.C. § 227(c)(5).  In turn, a "telephone solicitation" is defined as "the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person" without their "prior express invitation or permission."  47 C.F.R. § 64.1200(f)(14).  Plaintiff's DNC claim fails on multiple levels:

First, as noted above, Plaintiff does not allege any specific non-conclusory facts supporting an inference that Atlantic physically initiated the calls or was in an agency relationship with the third party(ies) that did, and provides virtually no information about the substance of the calls.  Therefore, Plaintiff has failed to plead facts that the at-issue calls were initiated "by or on behalf" of Atlantic or that they constituted a "telephone solicitation" under the TCPA.[8]  *See, e.g., Freedom Forever, LLC,*

---

[8] Indeed, Plaintiff does not allege that he was offered to purchase or rent any property, goods or services on the at-issue calls, let alone any of Atlantic's property, goods or services.  At best, he merely concludes that the "company that was promoted" was Atlantic and the calls "were placed to him for telemarketing purposes."  Compl. ¶¶ 3, 28.  The Court need not accept these entirely conclusory allegations as true.  *See* discussion at pp. 4-5, *supra* (citing various cases).

2019 WL 1790471, at *4 (dismissing § 227(c) claim where plaintiff failed "to plead *any* facts giving rise to a reasonable inference [the defendant] or an entity under its control, made the calls at issue") (emphasis in original); *Donaca,* 303 F.R.D. at 394-96 (under § 227(c)(5), a defendant must have "physically placed" the call or be vicariously liable under common law agency principles); *Jung v. Bank of Am., N.A.*, 2016 WL 5929273, at *9 (M.D. Pa. Aug. 2, 2016) (dismissing due to failure to adequately plead at-issue calls were "solicitations" within the meaning of the TCPA).

Second, courts have held Section 227(c) applies only to subscribers of residential landlines, not cell phones or business numbers. *See, e.g., Abante Rooter & Plumbing, Inc. v. Pivotal Payments, Inc.*, 2017 WL 733123, at *9 (N.D. Cal. Feb. 24, 2017) (Section 227(c) "applies to TCPA violations based on calls made to residential telephone subscribers, not cellular telephones"); *Cunningham v. Politi*, 2019 WL 2517085, at *4 (E.D. Tex. Apr. 30, 2019), *report and rec. adopted*, 2019 WL 2524737 (June 19, 2019) (dismissing, noting: "The private right of action created by … § 227(c)(5) is accordingly limited to redress for violations of the regulations that concern residential telephone subscribers. Recent courts considering claims asserted by Plaintiff have found this not to encompass Plaintiff's cellular phones and have dismissed his claims.") (citing various cases). Here, Plaintiff only alleges the number was on the DNC Registry at the time of the calls and that it is supposedly for "personal" use and not "associated with any business" (Compl. ¶¶ 22-23); but he gives no indication of the type of phone with which the phone number is associated (i.e., if it was a cellular phone) or if that phone was exclusively used (if at all) for "residential" purposes. This too supports dismissal. *See, e.g., Hicks v. Alarm.com*, 2020 U.S. LEXIS 157433, at *8-9 (E.D. Va. Aug. 6, 2020) (dismissing DNC claim where, as here, the plaintiff only alleged his phone was "not associated with a business and is for personal use" but not if it was used for "residential" purposes); *Cunningham v. Rapid Capital Funding, LLC/RCF*, 2017 WL 3574451, at *3 (M.D. Tenn. July 27, 2017), *report and*

15

*rec. adopted*, 2017 WL 3776165 (Aug. 31, 2017) ("As Plaintiff has not alleged facts showing his cell phones are used for residential purposes, he fails to state a claim under [Section 227(c)].")

Third, the Complaint also does not allege that **Plaintiff himself** is the "subscriber" of the phone number to which the purported calls were made, or that **he** (as opposed to some other party) registered his telephone number on the National DNC Registry. Instead, it solely alleges the phone number is on the Registry (*see* Compl. ¶ 22), but tellingly, it omits any facts about **who** registered it, when, or who is the subscriber. Because the TCPA's National DNC Registry rules expressly proscribe initiating a telephone solicitation to a "residential telephone **subscriber who has registered his or her** telephone number" on the Registry as opposed to a third party, 47 C.F.R. §64.1200(c)(2) (emphasis added), Plaintiff's allegations are insufficient to state a claim under Section 227(c) of the TCPA for this reason as well. *See GeorgiaCarry.Org, Inc.,* 687 F.3d at 1254 (holding that a plaintiff must "include factual allegations for **each essential element** of … [his] claim" to meet federal pleading standards and avoid dismissal) (emphasis added). Accordingly, for all of these additional reasons, Plaintiff's DNC claim should be dismissed under Rule 12(b)(6).[9]

## II.   THE COMPLAINT SHOULD ALSO BE DISMISSED PURSUANT TO RULE 12(B)(1) BECAUSE PLAINTIFF LACKS ARTICLE III STANDING.

Additionally, the Court should dismiss the entire Complaint under Rule 12(b)(1) for lack of subject matter jurisdiction because Plaintiff has not pleaded facts supporting the required elements for Article III standing of causation and redressability by Atlantic. *See Lujan*, 504 U.S. at 560-61.

Again, to meet the causation element, the "injury in fact" must be "fairly traceable" to the

---

[9] Plaintiff also concludes that "Defendants' [*sic*] violations were negligent, willful, or knowing" (Compl. ¶ 60) in an attempt to support entitlement to treble damages under the TCPA. Considering Plaintiff does not describe **any** conduct attributable to Atlantic, these allegations are likewise insufficient to meet federal pleading standards and are subject to dismissal. *See, e.g., Sterling v. Securus Techs., Inc.,* 2020 WL 2198095, at *6 (D. Conn. May 6, 2020) (dismissing where, *inter alia*, plaintiff's allegations that TCPA violations were willful or knowing were mere legal conclusions unsupported by further factual allegations).

defendant's conduct (*i.e.*, to Atlantic). *Lexmark*, 572 U.S. at 125. As demonstrated above, however, Plaintiff fails to plead any specific, non-conclusory facts showing, *inter alia*, (i) any conduct attributable to Atlantic; (ii) any factual basis for concluding that the third party that called him was Atlantic's "agent"; (iii) what, if any, "control" Atlantic had over that third party; or (iv) any basic facts about the content of the alleged calls. *See* discussion at pp. 3-4, 6-16, *supra*. Because Plaintiff fails to allege any facts by which one could trace his purported injury to Atlantic, he lacks Article III standing and, therefore, the entire Complaint should be dismissed under Rule 12(b)(1) as well. *See*, *e.g.*, *Barker v. Sunrun Inc.*, 2019 WL 1983291, at *3 (D.N.M. Apr. 29, 2019) (dismissing under Rules 12(b)(1) and 12(b)(6) where plaintiff plead no facts "connect[ing] or fairly trac[ing] the phone calls at issue" to conduct by defendant or facts showing an agency relationship); *Hicks*, 2020 U.S. LEXIS 157433, at *13 (same, holding that "[b]ased on the deficiencies identified under Rule 12(b)(6), Plaintiff also fails to properly plead causation and redressability" for Article III standing).

Moreover, among other remedies, Plaintiff seeks injunctive relief from Atlantic. *See* Compl. ¶ 62. But again, because Plaintiff has pleaded no facts showing any wrongful conduct attributable *to* Atlantic, his purported injuries are incapable of being redressed *by* Atlantic  Indeed, enjoining Atlantic will not prevent third parties and other entities over whom it has no control from calling Plaintiff now or in the future, and imposing statutory or other damages against Atlantic cannot prevent or correct the unlawful practices of unknown third parties.[10]

## III.    ALTERNATIVELY, PLAINTIFF'S FAULTY CLASS ALLEGATIONS SHOULD BE STRICKEN UNDER RULES 12(F) AND 23.

Should Plaintiff's TCPA claim somehow survive dismissal (and it should not for the multiple reasons above), the Court should nevertheless strike Plaintiff's faulty class definition and other class-

---

[10] Because Plaintiff lacks Article III "standing for his individual [TCPA] claim" against Atlantic, he also "lacks standing to pursue a nationwide class action" for those claims. *Chapman v. CKE Restaurants Holdings, Inc.*, 2020 WL 1230130, at *7 (E.D.N.C. Mar. 12, 2020).

related allegations from the Complaint pursuant to Rules 12(f) and 23 for at least two reasons.

First*,* it is axiomatic that a putative "class must not be defined so broadly that it encompasses individuals who have little connection with the claim being litigated; rather, it must be restricted to individuals who are raising the same claims or defenses as the representative." 7A Wright & Miller, FEDERAL PRAC. & PROC. § 1760 (3d ed. 2005). *See also Walewski v. Zenimax Media, Inc.,* 502 F.App'x 857, 861 (11th Cir. 2012) (*per curiam*) (affirming denial of class certification where proposed class definition "impermissibly include[d] members who ha[d] no cause of action as a matter of law"). In this case, Plaintiff's proposed class definition includes the following:

> All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls [*sic*] from or on behalf of Atlantic Energy (3) within a 12-month period, (4) from four years prior the filing of the Complaint.

Compl. ¶ 47. However, this proposed definition is facially overbroad and the class is uncertifiable because Plaintiff does not exclude persons, for example, who (i) **consented** to be called (*i.e.,* provided "prior express invitation or permission"), (ii) have an "established business relationship" with Atlantic, (iii) did not use their phone for "residential" purposes (e.g., cell phones and businesses) or (iv) did not themselves place their number on the DNC Registry (*see id.* ¶ 48) and, thus, for whom there could be no TCPA liability against Atlantic as a matter of law. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. §§ 64.1200(c)(2), 64.1200(f)(5) & 64.1200(f)(14) (no DNC violation for calls made with the ""prior express invitation or permission" of recipient or where recipient has an "established business relationship" with the caller); *Abante Rooter,* 2017 WL 733123, at *9 (Section 227(c) "applies to TCPA violations based on calls made to residential telephone subscribers, not cellular telephones"); *Licari Family Chiropractic Inc. v. eClinical Works, LLC*, 2019 WL 7423551, at *3–5 (M.D. Fla. Sept. 16, 2019) (denying class certification in TCPA case where proposed class did not exclude individuals who solicited the fax in question and therefore had no claim). Accordingly, Plaintiff's

18

proposed class definition should be stricken for this alone.  *See, e.g.*, *Monteferrante,* 241 F. Supp. 3d at 269; *Earnest,* 923 F. Supp. at 1473.

Second, Plaintiff's proposed class definition should also be stricken for the additional reason that common questions of law and fact would not predominate.  Rule 23(b)(3) requires that "questions of law or fact common to class members predominate over any questions affecting only individual members[.]"  To meet this requirement, common questions must "present a significant aspect of the case" and "can be resolved for all members of the class in a single adjudication."  *In re Tri-State Crematory Litig.*, 215 F.R.D. 660, 695 (N.D. Ga. 2003) (quoting *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998)).  As such, various courts have recognized that proposed TCPA class definitions that would require individualized factual and legal inquiries, like Plaintiff's, are properly stricken at the pleadings stage.  *See, e.g.*, *Pepka*, 2016 WL 8919460, at *4; *see also Dorfman v. Albertson's LLC*, 2020 WL 86192, at *5 (D. Idaho Jan. 7, 2020) (granting TCPA defendant's pre-discovery motion to deny class certification where individualized inquiries predominate).

In this case, it is apparent from the face of the Complaint that common questions of law and fact do not predominate and that individualized inquiries would be required.  In this regard, Plaintiff vaguely alleges that "Defendants" (meaning Atlantic and "John Doe Corporation") **and/or** "their affiliates, agents, and/or other persons or entities acting on Defendants' behalf" are responsible for the at-issue calls and for calls to putative class members.  Compl. ¶ 59.  Yet it is not only possible, but highly likely, that these multiple different parties who made the at-issue calls varied significantly on how they endeavored to obtain consent or permission.  The circumstances under which consumers might *provide* or *revoke* their consent to the same entity or different entities, their relationship with those entities (*i.e.,* if it qualifies as an "established business relationship"), and how they use their phones (*i.e.,* for business or residential use) can naturally vary by individual, too.  Consequently,

courts have consistently denied class certification where individualized consent inquiries predominate.  *See, e.g., Balthazor v. Cent. Credit Servs., Inc.,* 2012 WL 6725872, at *4 (S.D. Fla. Dec. 27, 2012) (denying class certification where "[r]esolution of each putative class member's TCPA claim would necessarily involve an individual assessment of whether each class member consented to receive telephone calls on their cellular telephone."); *see also Sliwa v. Bright House Networks, LLC,* 2019 WL 4744938, at *19–22 (M.D. Fla. Sept. 27, 2019); *Powell v. YouFit Health Clubs LLC,* 2019 WL 926048, at *4  (S.D. Fla. Feb. 22, 2019). Courts have also stricken class allegations at the pleadings stage for this reason.  *See, e.g., Flynn v. DIRECTV, LLC*, 2016 WL 4467885, at *5 (D. Conn. Aug. 23, 2016).  *See also Gene and Gene LLC v. BioPay LLC*, 541 F.3d 318, 327 (5th Cir. 2008) ("[T]he predominant issue of fact [in a TCPA case] is undoubtedly one of ***individual*** consent") (emphasis in original).  Thus, Plaintiff's proposed class definition should also be stricken because individualized consent and other inquiries would predominate.[11]

## CONCLUSION

Plaintiff cannot just fling unsupported accusations against the wall and hope they stick to a cause of action and to some unsuspecting defendant; instead, he must plead specific facts supporting each essential element of his claim.  He has not.  Thus, for all the reasons above, and as may be further presented, Defendant Atlantic Energy MD, LLC respectfully requests that this Court enter an order (i) dismissing the Complaint in its entirety under Rules 12(b)(6) and/or 12(b)(1); or (ii) alternatively, striking Plaintiff's facially uncertifiable class definition and related class allegations from the Complaint under Rules 12(f) and 23, along with granting all other just and proper relief.

---

[11] Since Plaintiff's faulty class definition is properly stricken for the reasons above, all remaining "class" related allegations (*see, e.g.,* Compl. ¶¶ 48-57) would be superfluous and, therefore, are properly stricken as well.  *See, e.g., Alan v. BrandRep, Inc*., 2016 WL 10988679, at *3 (C.D. Cal. Nov. 28, 2016) (Rule "12(f) authorizes the Court to strike any redundant matter *sua sponte*.").

Dated: October 16, 2020

Respectfully submitted,

By: /s/ Yaniv Adar

Yaniv Adar (Florida Bar No. 63804)
**MARK MIGDAL & HAYDEN**
80 SW 8th Street, Suite 1999
Miami, Florida 33130
Tel: (305) 374-6623
Email: yaniv@markmigdal.com

John W. McGuinness (*pro hac vice*)
Danielle Newman (*pro hac vice*)
**MANATT, PHELPS & PHILLIPS, LLP**
1050 Connecticut Avenue, NW, Ste. 600
Washington, D.C., 20036
Tel: (202) 585-6500
Email: jmcguinness@manatt.com
Email: dnewman@manatt.com

*Attorneys for Defendant*
*Atlantic Energy MD LLC*

## CERTIFICATE OF SERVICE

I hereby certify that, on October 16, 2020, I filed the foregoing electronically through the Court's CM/ECF system, which caused the following parties or counsel to be served by electronic means on all parties and their respective counsel of record.

*s/ Yaniv Adar*
Yaniv Adar, Esq.

21